ELECTRONICALLY FILED
2025 Jan 08 PM 2:02
CLERK OF THE KIOWA COUNTY DISTRICT COURT
CASE NUMBER: KW-2025-CV-000001
PII COMPLIANT

HUTTON & HUTTON LAW FIRM, L.L.C.
8100 E. 22nd St. N., Bldg. 1200
Wichita, Kansas 67226
Phone: (316) 688-1166 / Fax: (316) 686-1077
E-Mail: Darin.Hayes@huttonlaw.com
E-Mail: Blake.Shuart@huttonlaw.com

IN THE SIXTEENTH JUDICIAL DISTRICT
DISTRICT COURT, KIOWA COUNTY, KANSAS
CIVIL DEPARTMENT

| | |
|---|---|
| CODY METZ, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) |
| | ) |
| PROLIFIC TRUCKING BRANDS LLC; | ) Case No.: |
| JAMES BEECHAM JR.; DONTAY HOLLIDAY; | ) |
| PENSKE TRUCK LEASING CO., L.P.; | ) |
| OLD REPUBLIC INSURANCE COMPANY; | ) |
| PROGRESSIVE CASUALTY INSURANCE COMPANY; | ) |
| ARTISAN AND TRUCKERS CASUALTY COMPANY; | ) |
| and AMERICAN FURNITURE RENTALS, INC., | ) |
| | ) |
| *Defendants*. | ) |
| | ) |

PURSUANT TO K.S.A. CHAPTER 60

## PETITION

COMES NOW plaintiff, Cody Metz, and for his cause of action against defendants Prolific Trucking Brands LLC, James Beecham Jr., Dontay Holliday, Penske Truck Leasing Co., L.P., Old Republic Insurance Company, Progressive Casualty Insurance Company, Artisan and Truckers Casualty Company and American Furniture Rentals, Inc., alleges and states as follows:

## PARTIES

1. This cause of action arises out of a motor vehicle accident occurring on April 19, 2023, in Kiowa County, Kansas.



EXHIBIT A

2. Plaintiff Cody Metz is a citizen and resident of the State of Kansas, residing in Washington, Kansas.

3. At the time of the subject occurrence, Defendant Prolific Trucking Brands LLC ("PTB") was a motor carrier as defined by Federal Motor Carrier Safety Regulations, with US DOT number 3704918. PTB was owned, operated, controlled and otherwise managed by James Beecham Jr., who is also the company's listed registered agent. Service of process on PTB may be effectuated by serving James Beecham Jr. at 221 W Harrison St., Apt 1101, Chicago, IL 60607 and/or at PTB's last listed registered agent address at 4820 S. Champlain Ave, APT 3, Chicago, IL 60615 and/or through its listed blanket process agent, 1+49 Process Agents LLC, through Kansas representative Clayton Fielder, 10801 Mastin Blvd, Suite 120, Overland Park, KS 66210 and/or by all other lawful means.

4. Defendant PTB is now an out of service and defunct commercial motor vehicle carrier because of the subject occurrence. The company's USDOT status is inactive due to involuntary revocation stemming from the subject occurrence. The company has also been involuntarily dissolved by the Illinois Secretary of State, where it was incorporated. PTB's liability for the subject occurrence accordingly rests jointly and/or severally with PTB and/or James Beecham, Jr.

5. Defendant James Beecham, Jr., PTB's referenced owner, is an individual citizen and resident of the State of Illinois. He may be served with process at 221 W Harrison St., Apt 1101, Chicago, IL 60607 and/or by all other lawful means.

6. The actions and inactions of PTB and/or James Beecham, Jr. (individually or as an agent for PTB) referenced herein are also the responsibility of James Beecham, Jr. by way of

successor liability and/or agency liability and/or vicarious liability and/or respondeat superior liability and/or through alter ego status liability and/or through all other lawful means.

7. Defendant Dontay Holliday is an individual citizen and resident of the State of Illinois. He is currently incarcerated at Vandalia Correctional Center in Vandalia, IL, with a projected parole date of December 12, 2025. His inmate number is Y63768. He may be served with process at Vandalia Correctional Center, Route 51 North, P.O. Box 500, Vandalia, IL 62471 and/or through all other lawful means.

8. At the time of the subject occurrence, Dontay Holliday was acting within the scope and course of his employment and/or other agency status with PTB and/or James Beecham, Jr. and/or Penske and/or AFR. Mr. Holliday's actions and inactions referenced herein are accordingly also the responsibility of PTB and/or James Beecham, Jr. and/or Penske and/or AFR by way of successor liability and/or agency liability and/or vicarious liability and/or respondeat superior liability and/or through alter ego status liability and/or through all other lawful means.

9. Defendant Penske Truck Leasing Co., L.P. ("Penske") is a foreign limited partnership formed in the State of Delaware, with its principal offices located in Reading, Pennsylvania. Defendant Penske is and was at all times material hereto doing business in the State of Kansas. Service of process may be effectuated upon Penske by serving the Corporation Service Company, 1100 SW Wanamaker Rd., Suite 103, Topeka, KS 66604, or by other lawful means.

10. At all times material, Defendant Penske was a motor carrier as defined by Federal Motor Carrier Safety Regulations, with US DOT number 327574.

11. Defendant Old Republic Insurance Company ("Old Republic") is an insurance company, with NAIC number 24147, incorporated in the State of Pennsylvania and with its principal place of business in Mount Pleasant, Pennsylvania. Old Republic may be served with

process by serving the Kansas Commissioner of Insurance at 1300 SW Arrowhead Road, Topeka, KS 66604, pursuant to K.S.A. 40-218, or by other lawful means. Defendant Old Republic is and was at all times material hereto doing business in the State of Kansas. Defendant Old Republic may be joined as a named party defendant pursuant to Kansas' direct-action statute, K.S.A. 66-1,128.

12. At all material times, there was in force a liability insurance policy issued by Old Republic to defendants PTB and/or James Beecham, Jr. and/or Holliday and/or AFR and/or Penske to cover their operations as a common carrier on Kansas highways, including coverage for liability for the personal injuries and damages resulting from the subject incident. The defendant insurance carrier is therefore liable under K.S.A. 66-1,128 *et seq.*

13. The purpose of the insurance issued by defendant Old Republic is to provide adequate protection to members of the public, including plaintiff, from the negligent conduct of its insureds. Defendant Old Republic is responsible for payment of damages to plaintiff for its insureds' negligent acts, which include the actions and omissions alleged herein.

14. Defendant Progressive Casualty Insurance Company ("Progressive") is an insurance company, with NAIC number 24260 and NAIC Group Number 155, incorporated in the State of Ohio and with its principal place of business in Mayfield Village, Ohio. Progressive may be served with process by serving the Kansas Commissioner of Insurance at 1300 SW Arrowhead Road, Topeka, KS 66604, pursuant to K.S.A. 40-218, or by other lawful means. Defendant Progressive is and was at all times material hereto doing business in the State of Kansas. Defendant Progressive may be joined as a named party defendant pursuant to Kansas' direct-action statute, K.S.A. 66-1,128.

15. Defendant Artisan and Truckers Casualty Company ("Artisan") is an insurance company, with NAIC number 10194 and NAIC Group Number 155 (Progressive's Group Number), incorporated in the State of Wisconsin with its statutory home office address in Madison, Wisconsin. Artisan may be served with process through its Registered Agent at its Statutory Home Office Address, CT Corporation System, at 301 S. Bedford Street, Ste. 1, Madison, Wisconsin 53703, or through other lawful means. Defendant Artisan does business under the imprint of, and as underwriter for defendant Progressive, and was formerly known as Progressive Consumers Insurance Company until June 15, 2006. Artisan writes property and casualty business, including aircraft, personal and commercial auto, earthquake, flood and homeowners' coverage, in numerous states across the United States, and provided statutory coverage to common carriers traveling in Kansas, including the defendants set out herein. Defendant Artisan may be joined as a named party defendant pursuant to Kansas' direct-action statute, K.S.A. 66-1,128.

16. At all material times, there was in force a liability insurance policy issued by Progressive and Artisan to defendants PTB and/or James Beecham, Jr. and/or Holliday and/or AFR and/or Penske to cover their operations as a common carrier on Kansas highways, including coverage for liability for the personal injuries and damages resulting from the subject incident. The defendant insurance carriers are therefore liable under K.S.A. 66-1,128 *et seq.*

17. The purpose of the insurance issued by defendant Progressive and Artisan is to provide adequate protection to members of the public, including plaintiff, from the negligent conduct of its insureds. Defendants Progressive and Artisan are responsible for payment of damages to plaintiff for their insureds' negligent acts, which include the actions and omissions alleged herein.

18. Defendant American Furniture Rentals, Inc. ("AFR") is a foreign corporation organized in the State of Pennsylvania and with its principal place of business in New Jersey. Service of process may be effectuated upon AFR by serving its registered office at 983 Indian Creek Road, Jenkington, PA 19046, or by other lawful means.

19. At all times material, Defendant AFR was a motor carrier as defined by Federal Motor Carrier Safety Regulations, with US DOT number 480594.

## JURISDICTION AND VENUE

20. This Court has jurisdiction over the persons and entities involved and the subject matter.

21. Venue is proper with this Court as the incident at issue occurred in Kiowa County, Kansas.

## STATEMENT OF FACTS

22. On April 19, 2023, Defendant Dontay Holliday, while operating in the course and scope of his employment for Defendant PTB and/or James Beecham Jr., and/or AFR and/or Penske was driving a box truck owned by Defendant Penske and leased to PTB and/or James Beecham, Jr. and/or AFR. Defendant Holliday did not have a commercial driver's license.

23. Defendant Holliday was in the process of transporting furniture from Woodridge, Illinois to Phoenix, Arizona for shipper, Defendant AFR, having left Chicago on April 17, 2023.

24. The box truck Defendant Holliday was driving was a 2022, yellow, International truck, model number MV60, with license plate number 3150579 and vehicle ID# 3HAEUMMLXNL177862, with a Class 6 gross vehicle weight rating of 19,501 to 26,000 pounds. The box truck qualified as a "commercial motor vehicle" under FMCSA rules and regulations.

25. Shortly before 7:30 am, Defendant Holliday was travelling westbound on US 54 highway in Kiowa County, Kansas with his delivery load. He turned off the highway onto a southbound dirt road, advising Master Trooper Hemken (who investigated the accident at issue) that he did so because he had become confused by his GPS and was struggling to obtain a signal on his phone to obtain driving directions.

26. At approximately 7:30 am, Defendant Holliday turned back on to US 54 and proceeded westbound at a slow rate of speed.

27. Defendant Holliday advised Technical Trooper Hardaway (who was also involved in the subject accident investigation) that he had "slowed down on the highway to look at some goats that were along the roadway since he had never seen goats in the wild before".

28. Subsequently, Defendant Holliday advised Master Trooper Hemken that while he did see goats along the road, and had not seen them in the wild before, that he did not slow or stop his truck because of the goats. He now stated that while he thought he had adequate time to pull out on the highway that his truck did not accelerate very well. He also admitted to seeing a vehicle behind him going left of center.

29. An eyewitness, John Myers, described what occurred. He stated:

> "I was westbound on 54 hwy when a yellow Penske box truck pulled out from the south onto the westbound lane. I had to smash the brakes and pull over onto the shoulder to avoid a rear end collision. It appeared after he pulled out he either stopped or slowed down to almost no speed. At the point I was on the north side of the Penske truck I heard a loud noise. I looked back and saw two vehicles had hit head on. I then get 911 called and got out to assist in any way. The yellow Penske truck drove off westbound on hwy 54 after the crash occurred."

30. Defendant Holliday was the driver of the referenced Penske truck and did not stop at the scene of the accident he had caused.

31. Jesse Hall was driving a 2018 Chevrolet Tahoe behind the Myers vehicle when he suddenly saw the box truck in front of him, stopped or going very slowly in his lane. Because Mr. Myers' vehicle had gone to the north shoulder, Mr. Hall attempted to evade a rear end collision with Defendant Holliday's vehicle by going left of center. In doing so, he collided with Plaintiff, Cody Metz, who was travelling eastbound. Mr. Hall's front seat passenger, Jaidyn Barz, died at the scene and a back seat passenger was injured. Plaintiff Metz was seriously injured in the accident.

32. Defendant Holliday was stopped after the accident in Ford County, Kansas. A Level II inspection was conducted at that time by Technical Tropper Hardaway. Trooper Hardaway created a driver/vehicle inspection report from this encounter. The report notes that Defendant Holliday admitted involvement in the accident as a non-contact vehicle driver and was placed out of service for not keeping record of his duty status and for possession of marijuana.

33. Defendant Holliday was subsequently charged in the District Court of Kiowa County, Kansas with leaving the scene of a fatality accident, a felony. Those charges are still pending as Mr. Holliday is currently incarcerated in Illinois on other charges.

34. The box truck being driven by Defendant Holliday was being operated as a motor carrier in interstate commerce making it subject to the Federal Motor Carrier Safety Regulations (FMCSR) issued on the authority of 49 USC § 31136.

35. Additionally, the box truck being driven by Mr. Holliday was operating in the State of Kansas at the time of the accident referenced herein and is therefore subject to the Federal Motor Carrier Safety Regulations adopted by the Kansas Corporation Commission, thus making the tractor-trailer subject to the Federal Motor Carrier Safety Regulations issued on the authority of 49 USC § 31136.

36. Pursuant to 49 C.F.R. § 390.3(e)(1) (2) and (3), and at all times material, defendants PTB and/or James Beecham, Jr. and/or AFR and/or Penske and their employee / agent driver, Mr. Holliday, were to be knowledgeable with regard to, instructed on, and comply with all applicable regulations contained in the FMCSR; and the box truck and its accessories were to be maintained in compliance with all applicable performance and design criteria.

37. Pursuant to 49 C.F.R. § 390.5, a "motor carrier" includes a motor carrier's agents, officers and representatives as well as employees and agents responsible for hiring, supervising, training, assigning or dispatching drivers.

38. The general Federal Motor Carrier Safety Regulations, 49 C.F.R. § 390.1 *et seq.* and the Federal Motor Carrier Safety Act, 49 USC § 31101 *et seq*., provide the plaintiff with a private cause of action. Additionally, or in the alternative, they set forth the applicable minimum standard of care including the minimum qualification for drivers and the minimum duties for motor carriers in respect to qualifications of drivers. 49 C.F.R. § 391.1(a). The violations of the statutory and regulatory schemes by defendants PTB and/or James Beecham, Jr. and/or AFR and/or Penske and their employee / agent driver, Mr. Holliday, are negligence per se. Additionally, or in the alternative, violations of the Federal Motor Carrier Safety Act and the Federal Motor Carrier Safety Regulations are violations of the applicable minimum standard of care.

**COUNT 1 – VICARIOUS / AGENCY LIABILITY ACTION**

Plaintiff hereby adopts by reference paragraphs one through thirty-seven (1-37) above and, in addition, states and alleges:

39. All of the referenced negligent actions or inactions referenced herein constitute claims for general negligence and/or negligence per se for violations of the Federal Motor Carrier Safety Act and the Federal Motor Carrier Safety Regulations and/or violations of the applicable

standard of care for violation of the Federal Motor Carrier Safety Act and the Federal Motor Carrier Safety Regulations and/or violations of generally accepted industry standards of care and practice, all against defendants PTB and/or James Beecham, Jr. and/or AFR and/or Penske and/or Holliday.

40. The negligent actions and omissions of defendant Dontay Holliday, occurring within the scope of his employment and/or agency status with defendants PTB and/or James Beecham, Jr. and/or AFR and/or Penske, for which said defendants are also liable, include, but are not limited to:

a. operating a commercial motor vehicle in an imprudent and negligent manner including, but not limited to, negligently entering a roadway without due consideration for oncoming traffic and creating a road hazard by driving too slowly upon the roadway, in violation of accepted industry standards of care and practice;

b. operating a commercial motor vehicle in a reckless or careless manner;

c. operating a commercial motor vehicle in a negligent and inattentive manner;

d. failing to keep a proper lookout and failing to utilize appropriate visual search techniques;

e. failing to exercise that degree of reasonable and prudent care expected of a driver of a commercial motor vehicle;

f. operating a commercial motor vehicle upon the public streets and highways with a negligent disregard for the safety of the public, including plaintiff;

g. violating 49 C.F.R. § 383.110 by operating a commercial motor vehicle without the knowledge and skills necessary to operate the same safely;

h. violating 49 C.F.R. § 383.111 by operating a commercial motor vehicle without knowledge or proper appreciation of, among other things;

1. safe operating regulations including, but not limited to, procedures for safe vehicle operations;
2. visual search methods;
3. hazard and safety communications;
4. speed management;
5. hazard perception; and
6. emergency maneuvers;

i. operating a commercial motor vehicle at a speed too slow for then existing conditions and/or failing to appropriately and safely increase the speed of the commercial motor vehicle and/or failing to leave the roadway to remove the hazard he had created;

j. violating 49 C.F.R. § 391.11 by operating a commercial motor vehicle when the driver is not properly qualified pursuant to this regulation;

k. operating a commercial motor vehicle while under the influence of marijuana and/or while transporting the same in violation of 49 CFR § 392.4 of the FMCSR;

l. operating a commercial motor vehicle while possibly over the legal hours-of-service driving limitations under 49 CFR § 395 of the FMCSR;

m. operating a commercial motor vehicle without a record of duty status as required by 49 CFR § 395.8 of the FMCSR;

n. operating a commercial motor vehicle in a potentially fatigued condition;

o. failing to keep a proper lookout;

p. failing to use ordinary and reasonable care; and

q. such other and further negligent acts or violations of the FMCSR or Kansas law as may be adduced from the evidence.

41. As a direct and proximate result of these acts and omissions, plaintiff has suffered and will continue to suffer personal injuries and damages, including but not limited past and future medical expenses, past and future loss of income, past and future non-economic losses, and other damages to be proven by the evidence, all in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

**COUNT 2 – CORPORATE / DIRECT NEGLIGENCE ACTION**

Plaintiff hereby adopts by reference paragraphs one through forty (1-40) above and, in addition, states and alleges:

42. All of the referenced negligent actions or inactions referenced herein constitute claims for general negligence and/or negligence per se for violations of the Federal Motor Carrier Safety Act and the Federal Motor Carrier Safety Regulations and/or violations of the applicable standard of care for violation of the Federal Motor Carrier Safety Act and the Federal Motor Carrier Safety Regulations and/or violations of generally accepted industry standards of care and practice, all against defendants PTB and/or James Beecham, Jr. and/or AFR and/or Penske.

43. The corporate negligent actions and omissions of defendants PTB and/or James Beecham, Jr. and/or AFR and/or Penske include, but are not limited to:

a. violating 49 C.F.R. § 391.11 by authorizing Mr. Holliday to operate a commercial motor vehicle when it was known, or should have been known, he was not properly qualified to do so;

b. violating 49 C.F.R. § 390.11 by failing to require observance of Federal Motor Carrier Safety Regulations, including specifically those regulations not observed as referenced under the Vicarious / Agency Liability claims set forth above;

c. violating 49 C.F.R. § 383.110 by authorizing Mr. Holliday to operate a commercial motor vehicle without the knowledge and skills necessary to operate the same safely;

d. authorizing Mr. Holliday to operate a commercial motor vehicle in violation of 49 C.F.R. § 383.111 without knowledge or proper appreciation of, among other things:

    1. safe operating regulations including, but not limited to procedures for safe vehicle operations;
    2. visual search methods;
    3. hazard and safety communications;
    4. speed management;
    5. hazard perception; and
    6. emergency maneuvers;

e. failing to have Mr. Holliday demonstrate safe on-road driving skills, including the ability to observe the road and the behavior of other motor vehicles, to use proper visual search methods, and to understand appropriate evasive maneuver techniques;

f. failing to supervise, educate, train, monitor, and instruct Mr. Holliday on the reasonable, safe operation of the commercial motor vehicle. Defendants PTB and/or James Beecham, Jr. and/or AFR and/or Penske knew or reasonably should have known that their employee / agent, Mr. Holliday, was an undue risk of harm to the driving public and negligently retained him and failed to assure his competencies and failed to reprimand, retrain, supervise, monitor, properly instruct, or terminate him;

g. failing to train, monitor, or assure the training of Mr. Holliday in proper hazard communication signals, hazard perception, and other safe operating protocols;

h. failing to train, monitor, and test Mr. Holliday in fundamental accident avoidance techniques, including, but not limited to, accident awareness techniques and hazard perception techniques;

i. failing to have adequate safety management protocols in place or to properly implement the same;

j. violating 49 C.F.R. § 391.11 by failing to properly qualify Mr. Holliday;

k. failing to properly create and/or implement a proper safety program that would require testing, monitoring, and observance of appropriate driving and defensive driving skills;

l. negligently entrusting the Penske box truck to Mr. Holliday;

m. negligently entrusting the Penske box truck to PTB and/or James Beecham, Jr.;

n. failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R § 383.110, 49 C.F.R. § 383.11, and 49 C.F.R. 383.113 by failing to have adequate safety management controls in place that would require and provide that the truck driver, motor carrier, broker and/or shipper had the required skills and safety management controls required under these regulations;

o. failing to meet the minimum duties and industry standards of care set forth under 49 C.F.R. § 391.11(a) which requires that a person shall not drive a commercial motor vehicle unless he/she is qualified to drive a commercial motor vehicle. Except as provided in § 391.63, a motor carrier shall not require or permit a person to drive a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle. A qualified commercial motor vehicle driver would not have potentially driven in excess of the Hours of Service maximum limits, would have stopped to obtain rest and sleep if needed, would have kept an appropriate driver's log, would not have driven while under the influence of marijuana

and/or in possession of the same, and would have sufficient hazard perception, accident awareness and defensive driving skills so as to prevent the accident at issue;

p. failing to require their dispatched driver to cease driving while potentially fatigued;

q. negligently hiring an unsafe and unfit motor carrier and driver to transport the instant shipment and negligently failing to perform adequate background safety checks, MVR checks, and FMCSA violation checks;

r. negligently hiring, retaining, training, and supervising PTB and/or James Beecham Jr. and/or Holliday when it was known, or should have been known it would create an unreasonable risk of injury to other drivers and the public, including Plaintiff; and

s. such other and further negligent acts or violations of the FMCSR or Kansas law as may be adduced from the evidence.

44. As a direct and proximate result of these acts and omissions, plaintiff has suffered and will continue to suffer personal injuries and damages, including but not limited past and future medical expenses, past and future loss of income, past and future non-economic losses, and other damages to be proven by the evidence, all in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

WHEREFORE plaintiff prays for judgment against the defendants herein for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00) and for any and all further relief that the Court may deem just and appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

Respectfully submitted,

HUTTON & HUTTON

*/s/ J. Darin Hayes, #16755*

J. Darin Hayes, #16755
Blake A. Shuart, #24463
8100 E. 22nd St. N., Bldg. 1200
Wichita, KS 67226
Phone: (316) 688-1166
Fax: (316) 686-1077
E-Mail: Darin.Hayes@huttonlaw.com
*Attorneys for Plaintiff*